UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD FOUNTAIN,    ) | |
|    Plaintiff,    ) | |
| ) | |
| vs.    ) | Case No. 22-4055 |
| ) | |
| ROB JEFFREYS, et. al.,    ) | |
|    Defendants    ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Defendants Illinois Department of Corrections (IDOC) Director Rob Jeffreys, East Moline Correctional Center (EMCC) Warden Robert Hamilton, Wexford Health Sources, Unspecified Medical Technicians, Freedom of Information Officer Maggie Meikle, and Unspecified Medical Staff violated his constitutional rights.

Plaintiff says on March 18, 2020, a memorandum was issued to every inmate stating daily temperature checks were mandatory. Nonetheless, there were no temperature checks "until there was a suspected case of COVID-19." (Comp., p. 3). On

1

October 3, 2020. Plaintiff filed a grievance complaining about the failure to check inmate temperatures and the grievance officer advised Plaintiff the checks were not mandatory.

Plaintiff also claims Inmate V. left the facility for an outside medical writ on August 10, 2020, but the facility let him return to general population when he returned without requiring a quarantine period or COVID test.   Inmate H. went to the Health Care unit on August 24, 2020 complaining of COVID symptoms, but he was also allowed to return to the housing unit without any testing or treatment. On August 30, 2020, D Wing was placed on quarantine status because Inmate B. had COVID symptoms.

On September 1, 2020, Plaintiff and his cell mate had temperature checks. Plaintiff claims his cell mate's temperature was over 100 degrees and he tested positive for COVID.  Plaintiff received a COVID test, but he does not state the results.   Instead, Plaintiff was moved to B wing for quarantine.  Inmates V. and H. later tested positive on September 4, 2020.

Plaintiff claims the cells in Unit B were unsanitary and other inmates in the unit had COVID symptoms.  Three days later Plaintiff was again tested, but he again fails to provide the results.

Finally, Plaintiff says from August 30, 2020 to October of 2020, the medical technicians who took inmate temperatures "perpetuated lies by altering medical records stating that the people on D wing were all asymptomatic." (Comp., p. 5). Plaintiff does not explain the basis of this claim or why he believes staff was lying about medical records or how this directly impacted him.

It is clear Plaintiff does not believe EMCC officials properly addressed the COVID- 19 pandemic.  However, it is difficult to decipher Plaintiff's specific claims from his complaint.  First, it is not clear who Plaintiff intended to name as a Defendant.  Plaintiff has one list in the caption of his complaint, a separate list in the portion of the complaint which asks the Plaintiff to identify Defendants, and a third list in the body of his complaint.

Second, Plaintiff makes no mention of some of the intended Defendants in the body of his complaint. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark,* 497 F. 2d. 1206, 1207 (7th Cir. 1974).  Even if Plaintiff does not know the names of some individuals, he must provide some identifying information such as a physical description, job title, and shift worked.

Third, it is not clear how some of the Defendants are involved in his claims.  To hold an individual liable under Section 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).   In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. See *Smith v. Gomez*, 550 F.3d 613, 616 (7th

Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)(supervisors are not liable for the errors of their subordinates). Even if Plaintiff does not know the names of some Defendants, he must explain how they are involved in Plaintiff's claims. For instance, when did they meet with Plaintiff and what happened?

In addition, it is not clear how Plaintiff's complaints about the COVID procedures impacted Plaintiff or even when or if he contracted the virus. If Plaintiff did test positive for COVID, when did this occur and how is it related to his allegations? *See i.e. May v. Detrana*, 2021 WL 3493510, at *2–3 (E.D.Wis. Aug. 9, 2021)(inmate's claim was "too speculative to support a reasonable conclusion that unnamed officials actually knew (the inmate) was at a substantial risk of contracting COVID.").

Finally, Plaintiff has attached exhibits to his complaint, but he must clearly state his intended claims in the body of his complaint and not rely on the Court or Defendants to interpret his claims from his exhibits.

Therefore, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. §1915A for failure to clearly articulate a claim upon which relief could be granted and as a violation of Federal Rule of Civil Procedure 8 which requires a short and plain statement of the claim showing the pleader is entitled to relief.

The Court will allow Plaintiff an opportunity to file an amended complaint clarifying his claims. Plaintiff should clearly state his Defendants in the list of Defendants portion of his complaint. Plaintiff must clearly state when the events occurred, who was involved, and how they impacted the Plaintiff.

Plaintiff has also filed a Motion for Appointment of Counsel. [5]. Plaintiff does not have a constitutional or statutory right to counsel in this case. In considering Plaintiff's motion, the Court must consider two questions. For instance, "has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 2021 WL 456002, at *8 (7th Cir. 2021); *citing Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017). Plaintiff has not met this requirement such as providing a list of attorneys contacted or copies of letters sent or received. His motion is therefore denied with leave to refile. [5].

Finally, the Court notes on March 23, 2022, Plaintiff was ordered to pay an initial partial filing fee of $53.39 within 30 days. *See* March 23, 2022 Text Order. To date, Plaintiff has paid only $3.40. On its own motion, the Court will extend the deadline for paying this fee to July 12, 2022. Plaintiff must either pay the remainder of the initial partial filing fee or explain why he is unable to do so.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed pursuant to 28 U.S.C. §1915A for failure to clearly articulate a claim upon which relief could be granted and as a violation of Federal Rule of Civil Procedure 8 which requires a short and plain statement of the claim showing the pleader is entitled to relief.

2) Plaintiff must file an amended complaint clarifying his claims in compliance with this order on or before July 13, 2022.  If Plaintiff does not file an amended complaint on or before July 13, 2022, his case will be dismissed with prejudice.

3) Plaintiff's motion for appointment of counsel is denied with leave to renew after Plaintiff clarifies his claims [5].

4) Plaintiff must either pay the remainder of the initial partial filing fee **on or before July 13, 2022**, or explain why he was unable to pay this fee.  If Plaintiff claims he could not pay the fee, he must include Trust Fund Ledgers demonstrating he was unable to pay the fee.

5) The Clerk is to provide Plaintiff with a blank complaint form to assist him and reset the internal merit review deadline.

Entered this 22nd day of June, 2022.

                                      s/James E. Shadid

                        _____
                                  JAMES E. SHADID
                            UNITED STATES DISTRICT JUDGE