UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD FOUNTAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-4055 |
| | ) |
| ROBERT HAMILTON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER – SECOND AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files a Second Amended Complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was incarcerated at East Moline Correctional Center (EMCC). (Doc. 28). The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's Second Amended Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

In reviewing the Second Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted).

## ALLEGATIONS

Plaintiff alleges his housing wing (D wing) was placed on quarantine on August 30, 2020, because an inmate had COVID symptoms. The same day, his wing was finally ordered to have temperature checks, which were deemed mandatory on March 18, 2020.

On September 1, 2020, medical staff took the temperatures of Plaintiff and his cellmate. Plaintiff does not indicate if he or his cellmate had a fever. Plaintiff says he did not have symptoms of COVID, but his cellmate did. Later that day, Plaintiff's cellmate was tested for COVID and moved to the B wing, which was a quarantine wing. Plaintiff had not been tested for COVID, but he was moved to the B wing and assigned to the same cell as his former cellmate.

Plaintiff complained to Sergeant Ryan and asked why he had not been tested for COVID and was being placed with his symptomatic cellmate. Sergeant Ryan told Plaintiff he was just following Warden Robert Hamilton's orders. Plaintiff alleges Sergeant Ryan and Warden Hamilton "were deliberately indifferent to a serious threat to [his] health and safety." (Doc. 28 at p. 2).

Plaintiff believes his cellmate tested positive for COVID on September 4, 2020. Plaintiff was ultimately tested for COVID and tested positive on September 6, 2020. Plaintiff provided documentation demonstrating that medical staff took his temperature, monitored his oxygen levels, and noted any potential symptoms from the time Plaintiff claims his cellmate had symptoms until October 17, 2023. *Id*. at pp. 3-9.

## ANALYSIS

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Helling v. McKinney*, 509 U.S. 31 (1993)). The Eighth Amendment's

2

deliberate indifference framework includes an objective prong and subjective prong. *Id*. at 834. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837.

For purposes of notice pleading, Plaintiff has alleged an Eighth Amendment conditions of confinement claim against Defendants Sergeant Ryan and Warden Hamilton based on allegations that the conditions of Plaintiff's confinement reflect deliberate indifference to a serious threat to his health and safety when they knowingly housed him with an inmate who had COVID. *See i.e. Wells v. Wexford of Indiana LLC*, 2021 WL 663519, at *2 (S.D. Ind. Feb. 19, 2021); *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020) (finding that the transmissibility of the virus combined with a prison's dormitory-style housing presented a substantial risk that prisoners "will be infected with COVID-19 and have serious health effects as a result[.]").

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Second Amended Complaint under 28 U.S.C. § 1915A, this Court finds that Plaintiff stated an Eighth Amendment claim against Defendants Warden Robert Hamilton and Sergeant Ryan based on allegations that the conditions of Plaintiff's confinement reflected deliberate indifference to a serious threat to Plaintiff's health and safety.

2) The Clerk is directed to ADD Sergeant Ryan as a Defendant.

3) Defendant Hamilton has returned an executed waiver. No waiver needs to be issued. Defendant Hamilton is DIRECTED to answer Plaintiff's Second Amended Complaint within 30 days of this Order.

4) Pursuant to this District's internal procedures, the Clerk is DIRECTED to send Defendant Sergeant Ryan the following documents: 1) a Notice of Lawsuit and Request for Waiver

of Service; 2) a Waiver of Service; 3) a copy of the Second Amended Complaint; and 4) a copy of this Order.

5)   The Court will attempt service on Defendant Sergeant Ryan by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6)   Defendant Sergeant Ryan shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

7)   If Defendant Sergeant Ryan no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8)   This District uses electronic filing, which means that after Defendant Sergeant Ryan's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice

of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel.

9) Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) Plaintiff shall be provided a copy of all pertinent medical records upon request.

12) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel, if Plaintiff has not already done so.

13) The Clerk is directed to set an internal deadline 60 days from the entry of this Order for the Court to check on the status of service regarding Defendant Sergeant Ryan.

14) The deadline for filing a Motion for Summary Judgment on the exhaustion of administrative remedies is RESET for February 5, 2024; the discovery deadline is RESET for March 6, 2024; and the deadline for filing dispositive motions is RESET for April 5, 2024.

ENTERED:   11/7/2023

s/ James E. Shadid
James E. Shadid
United States District Judge
